OPINION OF THE COURT
Joseph T. Pilato, J.
A juvenile should not be granted a jury trial in a juvenile proceeding in Family Court.
The Juvenile Justice Reform Act of 1976 and subsequent changes in 1978 have not changed the rehabilitative goal of the Family Court System.
With one narrow exception, restrictive placement is still an option to the Judge and the first factor he is statutorily *329 required to consider is the "needs and best interests of the respondent.” (Family Ct Act, § 753-a, subd 2, par [a].)
Due process is preserved in a juvenile proceeding by requiring notice, counsel, and a fact-finding hearing before a Judge.
The separation of the juvenile from the adult criminal court system is well established in law. A clear distinction is the rehabilitative goal set by the juvenile system. Conversely, the criminal system demands retribution and mandates punishment to achieve deterrence.
Certain procedural due process rights had not been afforded juveniles in a juvenile proceeding. The rationale is that in exchange for rehabilitation, a juvenile gives up certain constitutional safeguards. However, as Family Court cases became more complex, encompassing many aspects of a regular criminal proceeding, the courts have ruled that necessary due process and fair treatment have to be met. (Kent v United States, 383 US 541, 562.) In Matter of Gault (387 US 1), the court defined its meaning of fair treatment to include (1) notice of the charges; (2) right to counsel; (3) privilege against self incrimination; (4) right to confrontation and cross-examination; (5) right to a transcript of the proceedings; and (6) right to appellate review. (387 US 1, 10.) Matter of Winship (397 US 358) added the "reasonable doubt” quantum of proof to the list.
In the Matter of Daniel Richard D. (27 NY2d 90), citing Kent, Gault and Winship, the Court of Appeals found that necessary due process did not require all due process elements. Holding against the granting of jury trial, the court concluded that "in cases involving juvenile delinquents [a jury trial] is neither constitutionally required nor desirable.” (27 NY2d 90, at p 94.) The court pointed out: "we see no compelling reason why we should burden the court with a procedural requirement which would make such adjudications significantly time consuming, cumbersome, and result in a loss of secrecy which has always been deemed most desirable, since a jury trial would not necessarily afford the youngster a better fact-finding process.” (27 NY2d 90, at p 95.)
A year later, the Supreme Court in McKeiver v Pennsylvania (403 US 528) held that a juvenile charged with delinquency does not have a due process right to a jury trial. This, then, is the law of the land.
Enacted in 1976, the Juvenile Justice Reform Act (L 1976, ch 878) responded to an apparent desire on the part of the *330 public for more protection from rising juvenile crime. It has been the cause of renewed interest on the question of a jury trial in a juvenile proceeding.
The most significant change and the one proponents of a jury trial point to is section 753-a of the Family Court Act which provides for restrictive placement when a juvenile is found guilty of a class A or B felony, those specifically listed as designated felonies. The court, under section 753-a of the Family Court Act may order restrictive placement where the respondent is found to have committed a designated felony. However, this is an optional choice. Only where the respondent is found to have committed a designted felony inflicting serious physical injury on a person over the age of 62 is the court compelled to order restrictive placement.
An order for restrictive placement can only occur after a dispositional hearing at which grounds for such an order have been established. (Family Ct Act, § 753-a, subd 1.) The statute provides the criteria that the court must use to determine restrictive placement. (See Family Ct Act, § 753-a, subd 2, pars [a]-[e].) The first factor the Judge must consider is the "needs and best interests of the respondent”. (Family Ct Act, § 753-a, subd 2, par [a].) It is clear that the Legislature did not intend to diminish the rehabilitative goal of the juvenile proceeding. What is best for the juvenile is (still) the first consideration, but no longer the only one.
In addition, it should be noted the present changes caused the repeal of section 758 of the Family Court Act which provided for a three-year commitment of a juvenile to an adult correctional system. Not only did this more severe disposition exist, but no jury trial was required for such a commitment and section 758 was upheld in United States ex rel. Murray v Owens (465 F2d 289, cert den 409 US 1117). In repealing section 758, the Legislature considered restrictive placement a more "workable and suitable disposition”. (Gottfried and Barsky, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 758, p 258, supp.)
With few exceptions, the juvenile who has committed a designated felony is not thrown into the adult criminal system and will not be subject to adult punishment. The new changes provide for a juvenile adjudication of a designated felony charge. The respondent will be given notice, right to counsel, a fact-finding hearing before a Judge with the right to cross-examination. Also, even though no motion, hearing or order *331 may be granted pursuant to Part Six of the Family Court Act, section 753-a (subd 3, par [b]) and section 753-a (subd 4, par [b]) both provide that during the period of restrictive placement, a motion to vacate the order may be made pursuant to section 762 of the Family Court Act but only on grounds set forth in CPL 440.10.
In any event, the disposition for restrictive placement is made to the Division for Youth and not to the adult correctional system. Concededly, such a placement may have punitive overtones, but the Division for Youth is still a rehabilitative agency, and its purpose is to held the person through treatment.
A criminal proceeding with its mandatory punishments having little or no regard for the rehabilitation of the individual is clearly distinguishable from the juvenile proceeding in Family Court even with the enactment of the Juvenile Justice Reform Act of 1976.
While due process procedures are necessary, every element of due process is not required. The new changes in the law, while more definitive, do not pose any infringement on the constitutional rights of a juvenile.
A jury trial in a juvenile proceeding should be denied.